IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

WILLIAM CHRISTOPHER LINDSEY                                                                    PLAINTIFF

v.                                    Civil No. 3:22-CV-03041-TLB-MEF

LIEUTENANT CALLAS,
Carroll County Detention Center (CCDC);
and MACK McWILLIAM, also known as
Nurse C                                                                                        DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a *pro se* civil rights action filed under 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L. Brooks, District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.  Currently before the Court is Plaintiff's failure to comply with the Court's orders and failure to prosecute this case.

I.    BACKGROUND

Plaintiff filed this action on July 28, 2022, generally allegedly that he was denied proper dental care in violation of his constitutional rights when he was incarcerated at the Carroll County Detention Center ("CCDC").  (ECF No. 1).  On that same day, Plaintiff filed an application to proceed *in forma pauperis* (IFP).  (ECF No. 2).  In the Order granting his IFP application, the Court warned Plaintiff to maintain a current address with this Court, and that his failure to do so would result in the action being dismissed for failure to prosecute.  (ECF No. 3).  This Order was not returned undeliverable.

On August 30, 2022, the Court entered an Initial Scheduling Order.  (ECF No. 12).  On September 22, 2022, Plaintiff filed a motion to supplement the Complaint.  (ECF No. 14).  The

1

Court denied Plaintiff's motion to supplement the Complaint, but Plaintiff was given until November 28, 2022, to file an amended complaint, failing which this action would be subject to dismissal. (ECF No. 20). This Order was not returned undeliverable. When Plaintiff failed to do so by the deadline, the Court ordered Plaintiff to show cause by December 30, 2022, as to why his action should not be dismissed for failure to obey court orders. (ECF No. 22). On December 21, 2022, Plaintiff filed an Amended Complaint. (ECF No. 23).

On March 6, 2023, the Court granted Defendant Callas's second request for an extension of time to complete discovery, and the parties were cautioned that additional requests for an extension of time would not be granted, barring extraordinary circumstances. (ECF No. 33). On April 7, 2023, Defendant Callas filed a motion to compel discovery. (ECF No. 34). On May 4, 2023, the Court granted this motion and ordered Plaintiff to provide Defendant Callas with the required responses to the discovery requests by 5:00 p.m. on May 19, 2023, including a signed medical authorization form, failing which this matter would be subject to dismissal. (ECF No. 36). This Order was not returned as undeliverable. On May 22, 2023, Defendant Callas filed notice with the Court that Plaintiff did not comply with the Court's Order to Compel. (ECF No. 37). On that same day, the Court ordered Plaintiff to show cause why this matter should not be dismissed for his failure to obey court orders. (ECF No. 38). The Order required Plaintiff to respond by June 12, 2023. (ECF No. 38). This Order was also not returned as undeliverable.

That deadline has now passed, and Plaintiff has failed to respond. In fact, Plaintiff has failed to communicate with this Court since filing a change of address with the Court on January 11, 2023. (ECF No. 28).

## II.     LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III.     ANALYSIS

Plaintiff has failed to comply with two court orders: the Court's Order Granting Defendant Callas's Motion to Compel (ECF No. 36) and the Court's Order to Show Cause (ECF No. 38). Thus, Plaintiff has failed to prosecute this case. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), it is recommended that Plaintiff's Complaint be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and for failure to prosecute this case.

## IV.     CONCLUSION

For the reasons discussed above, it is recommended that Plaintiff's Amended Complaint (ECF No. 23) be **DISMISSED WITHOUT PREJUDICE**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 20th day of June 2023.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE